

U.S. Department of Justice

Federal Bureau of Prisons

*Designation and Sentence Computation Center*
*Grand Prairie, Texas 75051*

August 11, 2008

1535
05-CR-314

The Honorable Thomas M. Hardiman
Judge of the U.S. District Court
  for the Western District of Pennsylvania
3110 U.S. Courthouse
700 Grant Street
Pittsburgh, PA 51219

RE: JOHNSON, Maurice
    Reg No. 08698-068
    Case No. 2:05CR314

**RECEIVED**

SEP - 9 2008

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Dear Judge Hardiman:

On April 20, 2006, Maurice Johnson was sentenced in the Western District of Pennsylvania to a 60-month and one day term of confinement for Possession with Intent to Distribute Heroin and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. At the time the federal sentence was imposed, Mr. Johnson was under the primary jurisdiction of state authorities and in federal custody pursuant to a Writ. The Federal Judgment in a Criminal Case was silent regarding any relationship to the forthcoming state action. Following sentencing in federal court, Mr. Johnson was appropriately returned to state authorities and the U.S. District Court Judgment was filed as a detainer by the U.S. Marshals Service.

On April 28, 2006, Mr. Johnson was sentenced in state court to a one to two year term for Manufacture/Deliver/Possess with Intent to Manufacture or Deliver and Intent to Possess Controlled Substances by Person Not Registered. Mr. Johnson was paroled to a federal detainer on April 29, 2007. He was subsequently released to the custody of the U.S. Marshals Service, to commence the service of his federal sentence as provided by Title 18 U.S.C. § 3585(a).

Mr. Johnson now requests credit toward his federal sentence for time which he spent in state custody. Title 18, U.S.C. § 3585(b), prohibits the application of credit for the time Mr. Johnson spent in state custody from April 20, 2006, to April 28, 2007. However, as a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons considers an inmate's request for credit in such a case as a request for a retroactive (concurrent) designation.

The Bureau of Prisons strives to administer sentences in accordance with federal statutes, Bureau policy and the intent of the Sentencing Court. A retroactive designation is made only after the review of all relevant factors under Title 18 U.S.C. § 3621(b).

It is the preference of the Bureau of Prisons that the federal Sentencing Court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request.

Should the Bureau of Prisons deny the request, Mr. Johnson will continue to a current projected release date of October 10, 2011. If the Bureau of Prisons makes a decision, based on a review of all relevant 3621(b) factors, which is contrary to the Court's stated position, the Court will be notified accordingly.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Mr. Frankland Clarke, Operations Manager, at (972)352-4420.

Sincerely,

for: John OBrien

Delbert G. Sauers
Chief

hms
cc: Tina Miller, AUSA
    Gregory D. Watson, USPO

*I recommend the request be granted to a release date of 8/25/10.*

*G L Lancaster, DJ*
*9/11/08*